# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# WHEELING

**ROLANDO CUEVAS,**

        Petitioner,

**v**.                                    **Civil Action No.:5:21-cv-73**
                                                  Judge Bailey

**PAUL ADAMS,**

        Respondent.

## REPORT AND RECOMMENDATION

### I.   INTRODUCTION

On May 14, 2021, Rolando Cuevas, acting *pro se*, filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [ECF No. 1] (the "Petition"). The petitioner is a federal inmate housed at FCI Hazelton and is challenging the validity of his conviction from the Western District of Texas. The matter is currently pending before the undersigned for a Report and Recommendation pursuant to LR PL P 2. For the reasons set forth below, the undersigned recommends that the petition be dismissed for lack of jurisdiction.

### II.   BACKGROUND[1]

On November 10, 2016, a Federal Grand Jury for the Western District Texas, Pecos

---

[1] Unless otherwise noted, the information in this section is taken from the Petitioner's criminal docket available on PACER. See United States v. Cuevas, 4:16-cr-00470-DC. Philips v. Pitt Cnty. Mem. Hosp., 572 F. 3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 21239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

Division, returned a single-count indictment charging the petitioner with Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g).[2] On December 28, 2016, pursuant to a written plea agreement, the petitioner pleaded guilty. Attached to the written plea agreement was a factual basis, signed by the petitioner, indicating that the United States was prepared to show the following facts through competent evidence beyond a reasonable doubt that the petitioner was guilty had the case gone to trial:

> On or about October 16, 2016, the [petitioner]. In the Western District of Texas, knowingly possessed the following firearm, to wit: a Bryco Arms Model 48, Caliber .380, Serial Number 046931. Prior to that date in which the [petitioner] possessed the aforementioned firearms, the [petitioner]] had been convicted for a crime punishable by imprisonment for a term in excess of one year, that is, a felony offense, to wit: Possession of a Controlled Substance in Penalty Group 1 greater than 1 gram but less than 200 grams, in the 10th District Court, Andres County, Texas, Cause Number 6765, wherein the [petitioner] was convicted on November 17, 2015.

[Doc. 19 at 1].

The sentencing hearing was held on June 13, 2017. [Doc. 37]. The Judgment and Commitment Order was entered on June 21, 2017, which committed the petitioner

---

[2] On December 13, 2016, a Federal Grad Jury for the Western District of Texas, Pecos Division, also returned a four-count indictment against the petitioner in Criminal Action No. 4:16-cr-00556-001. Count 1 charged the petitioner with Escape, in violation of 18 U.S.C. § 751(a). The offense occurred on or about November 16, 2016. Count 2 charged the petitioner with Assaulting, Resisting, or Impeding Certain Officers or Employees in violation of 18 U.S.C. § 111(a) & (b). Count 3 charged the petitioner with Assaulting, Resisting, or Impeding Certain Officers or Employees, in violation of 18 U.S.C. § 111(a) & (b). Count 4 charged the petitioner with Assaulting, Resisting, or Impeding Certain Officers or Employees, in violation of 18 U.S.C. § 111(a) & (b). These offenses occurred while the petitioner was in the custody of the USMS at the Presidio County Jail in Marfa, Texas, in case No. 4:16-cr-470-DC, the felon in possession matter. On December 29, 2016, the petitioner pleaded guilty to Counts 1 and 2 of the Indictment. He was sentenced to a term on 60 months as to Count 1 and 108 months as to Count 2, to run concurrent with each other and concurrent to the sentence imposed in 4:16-cr-470. Because the petitioner is not challenging either his conviction or sentence in 4:16-cr-556, the undersigned has chosen not to address that matter further.

to the custody of the Federal Bureau of Prisons to be imprisoned for a term of 108 month, to be followed by a term of 36 months of supervised release. [Doc.37]. The petitioner did not file a direct appeal, nor did he file a motion to vacate pursuant to 28 U.S.C. § 2255. The petitioner's projected release date, via a good conduct time is October 1, 2024. See www.bop.gov/inmateloc/.

### III. STANDARD OF REVIEW

A. Review of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening the petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2014); see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (2014) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

B. Pro Se Litigants

As a *pro se* litigant, the petitioner's pleadings are accorded liberal construction and held to less stringent standard than formal pleadings drafted by attorneys. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (per curiam). However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. See

Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, the petitioner clearly is not entitled to relief under 28 U.S.C. § 2241, and therefore, no response has been required of the respondent.

### IV.     CLAIMS OF THE PETITION

The petitioner requests that this Court "remove the § 922(g) charge." [Doc. 1 at 8]. In support of this request, the petitioner relies on the decision in Rehaif v. United States, 139 S.Ct. 2191 (2019). The petitioner alleges that under this decision, the government failed to prove knowledge that he was prohibited from possessing a firearm.

### V.     ANALYSIS

Title 28, United States Code, Sections 2241 and 2255 each create a mechanism by which a federal prisoner may challenge his or her detention. However, the two sections are not interchangeable. Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under section 2255 in the district court of conviction. Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2000); In re Vial. 115 F.3d 1192, 1194 (4th Cir. 1997).

Under § 2255, a prisoner may move the sentencing court "to vacate, set aside or correct" his sentence if he claims it "was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Second or successive petitions pursuant to § 2255 must be certified by the appropriate court of appeals. Id. § 2255(h). Courts of appeals grant such requests only if newly discovered evidence establishes "by

clear and convincing evidence that no reasonable factfinder would have found the movant guilty" or that a previously unavailable "new rule of constitutional law' has been "made retroactive to cases on collateral review by the Supreme Court." Id.

A petition for writ of habeas corpus pursuant to § 2241, on the other hand, is intended to address the **execution** of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. Examples of an appropriate use of § 2241 include "actions challenging the computation of parole, computation of good time or jail credits, prison disciplinary actions, or imprisonment allegedly beyond the expiration of a sentence." Anderson v. Pettiford, 2007 WL 15777676 (D.S.C. May 31, 2007) (internal citations omitted).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, in limited circumstances, when a § 2255 is an "inadequate or ineffective remedy," § 2255's savings clause permits petitioners to bring a collateral attack pursuant to 28 U.S.C. § 2241. In re Vial, 115 F.3d at 1194, n.5; In re Jones, 226 F.328, 333 (4th Cir. 2000.) However, "[i]t is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision," including because of a procedural bar. Id.

When contesting a conviction, a petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective, and the standard is an exacting one. In the Fourth Circuit, a petitioner asserting "actual innocence" may establish "that §2255 is inadequate or ineffective to test the legality of a conviction" if he can prove:

> (1) at the time of conviction, settled law of this circuit or of the Supreme Court established the legality of the conviction; (2) subsequent to the

5

> prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; **and** (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones at 333-34 (emphasis added).

Although the petitioner has not raised the savings clause, he is not entitled to its application. Even if the petitioner satisfied the first and third elements of Jones, the crime for which he was convicted remains a criminal offense, and therefore, he cannot satisfy the second element of Jones.

In Rehaif[3], the Supreme Court held that, in a prosecution under § 922(g) and § 924(a)(1), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm. 130 S.Ct. at 2195. The petitioner in Rehaif was an alien who entered the country on a nonimmigrant student visa to attend university. He received poor grades and the university dismissed him. The university told the petitioner that his "immigration status" would be terminated unless he transferred to a different university or left the country. Id. at 2194. After the Government learned of the petitioner's visit to a firing range, where he shot two firearms, the petitioner was prosecuted for possessing firearms as an alien unlawfully in the United States in violation of § 922(g) and § 924(a)(2). The case went to trial. The judge instructed the jury, over the petitioner's objection, that the "United States is not required to prove" that the petitioner "knew he was illegally or unlawfully in the United States." Id. at 2194. The jury found the petitioner guilty and he was sentenced to 18 months' imprisonment. Id. At issue before the

---

[3] Rehaif reversed and remanded a decision by the United States Court of Appeals on direct appeal.

6

Supreme Court was whether the Government must prove that a defendant knows of his status as a person barred from possessing a firearm, which in that case was the petitioner's status as an illegal alien. Id. at 2195. The Supreme Court held that, in possession under § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm. Id.

The Fourth Circuit has noted that Rehaif abrogated prior circuit precedent. United States v. Lockhart, 947 F.3d 187, 196 (4th Cir. 2008) (citing United States v. Langley, 62 F.3d 1995), abrogated by Rehaif, 139 S.Ct. 2191). Therefore, the first prong of the Jones test is satisfied.

However, the petitioner cannot satisfy the second requirement. Since Rehaif, several courts within the Fourth Circuit have held that Rehaif did not change substantive law because the conduct for which the petitioner was convicted is still illegal. See, e.g., Azar II, No. 6:20-cv-394, 2020 WL 3843638, at *2 (DSC July 8, 2020) ("being a felon in possession of a firearm remains a valid criminal offense") appeal docketed, No. 20-7299 (4th Cir. 2020); Erby v. Breckon, No. 7:18-cv-00588, 2020 WL 1443154, at *7 (W.D. Va. Mar. 24, 2020) (citing cases) appeal docketed, No. 20-6814 (4th Cir. 2020); Hoffman v. Breckon, No. 7:18-cv-00265, 2020 WL 929589, at *9 (W.D. Va. Feb. 26, 2020) appeal docketed, No. 20-6322 (4th Cir. 2020); Swindall v. Hudgins, No. 5:19-cv-300, 2020 WL 469660, at *2 (N.D.W. Va. Jan. 29, 2020) ("Here, the crimes for which petitioner was convicted remain criminal offenses; accordingly, he cannot satisfy the second prong of Jones."); Taylor v. Huggins, No. 5:19-cv-291, 2019 WL 6481799, at *3 (N.D.W. Va. Nov. 5, 2019) ("Even if Petitioner satisfied the first and third elements of Jones, the crime for

7

which he was convicted remains a criminal offense and therefore he cannot satisfy the second element of Jones."), adopted by 2019 WL 6467823 (N.D.W. Va. Dec. 2, 2019); Moss v. Dobbs, No. 8:19-cv-02280, 2019 WL 728-4989, at *9 (D.S.C. Sept. 23, 2019) ("[T]he savings clause test in Jones requires that subsequent to a prisoner's direct appeal and first 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal. Here, no such change occurred."), adopted by 2019 WL 5616884 (D.S.C. Oct. 31, 2019) see also Moss, 2019 WL 7284989, at *6-7.

Likewise, the petitioner cannot satisfy the savings clause under the Fifth Circuit[4] standard. There, the § 2255 savings clause applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that the movant may have been convicted of a nonexistent offense, and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the movant's trial, appeal, or first § 2255 motion. Reyes-Requena v. United States, 243 F. 3d 893, 901 (5th Cir. 2001).

Numerous federal district courts within the Fifth Circuit have held that Rehaif does not retroactively apply to cases on collateral review. See Williams v. Underwood, 2020 WL 1866985 (N.D. Tex. March 17, 2020) (collecting cases). Therefore, under Fifth Circuit precedent, the petitioner cannot rely on Rehaif to satisfy the savings clause.

Additionally, the undersigned acknowledges that Rehaif requires that a defendant possessed a firearm while being actually aware of his "relevant status," meaning that he knew that he was "a felon, an alien unlawfully in this country, or the like." Rehaif, 139 S.Ct. at 2195-96. Federal courts have interpreted the Supreme Court's holding in this manner and have "squarely rejected the notion that Rehaif requires that a defendant

---

[4] Texas, Louisiana, and Mississippi are the three states that make up the Fifth Circuit.

8

know that he was prohibited from possessing a firearm as a result of that status." See Walker v. Quintana, 5:19-cv-321, 2019 WL 6310722, at *2 (E.D. Ky. Nov. 25, 2019) (citing United States v. Bowens, 938 F.3d 790, 797 (6th Cir. 2019); See also Gray v. United States, 3:19-cv-607, 2020 WL 127646, at *3 (M.D. Tenn. Jan. 10, 2020)) ("While Rehaif was in the situation where a reasonable person could be confused about his immigration status, Gray can make no such argument about the status of his prior felony conviction."). As the Fifth Circuit. has noted:

> Convicted felons typically know that they're convicted felons. And they know the Government would have little trouble proving that they knew. So it is hard to imagine how their convictions or guilty plea was prejudiced by an error under Rehaif. As Justice Alito put it: "Juries will rarely doubt that a defendant convicted of a felony has forgotten that experience, and therefore requiring the prosecution to prove that the defendant knew that he had a prior felony conviction will do little for defendants."
>
> Rehaif, 139 S.Ct. at 2209 (Alito, J., dissenting).

United States v. Lavalais, 960 F.3d 180, 184 (5th Cir. 2020).

Finally, to the extent that the petitioner argues that Rehaif requires that the prosecution establish that a defendant knew he was not permitted to have a gun because of his prohibited status, he reads too much into the decision. Such knowledge is not and cannot be what Rehaif requires. If it did, it would run headlong into the venerable maxim that ignorance of the law is no excuse. Rehaif did not graft an ignorance-of-the-law defense by which every defendant could escape conviction if he was unaware of the provision of 18 U.S.C. § 922(g) which prohibits a convicted felon from possessing a firearm. See United States v. Bowens, 938 F.3d 790, 797 (6th Cir. 2019).

Consequently, because the petitioner attacks the validity of his conviction and fails to establish that he meets all the Jones requirements, or the standard of the Fifth Circuit, he is unable to satisfy the § 2255 savings clause to seek relief under § 2241. Where, as here, a federal prisoner brings a § 2241 petition that does not fall within the scope of the savings clause, the district court must dismiss the unauthorized habeas motion for lack of jurisdiction. Rice, 617 F.3d at 807.

## VI.  RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the petition [ECF No. 1] be **DENIED** and **DISMISSED WITHOUT PREJUDICE FOR LACK OF JURISDICTION**.

The petitioner shall have **fourteen days** from the date of service of this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court.

The Clerk is **DIRECTED** to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is further **DIRECTED** to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

**DATED**: June 7, 2021

*/s/ James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE