# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# Wheeling

**ROLANDO CUEVAS,**

      Petitioner,

v.                                   **CIVIL ACTION NO. 5:21-CV-73**
                                          Judge Bailey

**PAUL ADAMS,**

      Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

The above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge Mazzone [Doc. 12]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Mazzone for submission of a proposed report and a recommendation ("R&R"). Magistrate Judge Mazzone filed his R&R on June 7, 2021, wherein he recommends the Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1] be denied and dismissed without prejudice. For the reasons that follow, this Court will adopt the R&R.

## I. BACKGROUND

The petitioner was a federal inmate incarcerated at FCI Hazelton in Bruceton Mills, West Virginia. Petitioner, acting *pro se*, initiated this habeas corpus proceeding on May 14, 2021, pursuant to 28 U.S.C. § 2241.

As summarized in the R&R, petitioner is serving his sentence pursuant to a plea agreement in which he plead guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). On June 13, 2017, petitioner was sentenced to be imprisoned for 108 months, to be followed by 36 months of supervised release. In the instant petition,

petitioner relies on the decision in *Rehaif v. United States*, 139 S.Ct. 2191 (2019), arguing "that the government failed to prove knowledge that defendant was prohibited from possessing a firearm." [Doc. 1 at 5]. Petitioner asks that this Court "find a structural error and remove the § 922(g) charge and conviction." [Id. at 8].

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Nor is this Court required to conduct a *de novo* review when the party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). *Pro se* filings must be liberally construed and held to a less stringent standard than those drafted by licensed attorneys, however, courts are not required to create objections where none exist. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1971).

Here, objections to Magistrate Judge Mazzone's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules

2

of Civil Procedure. The petitioner timely filed his Objections to the R&R [Doc. 15] on June 21, 2021. Accordingly, this Court will review the portions of the R&R to which objection was filed under a *de novo* standard of review. The remainder of the R&R will be reviewed for clear error.

## III. DISCUSSION

In the R&R, the magistrate judge found that petitioner could not meet the requirements of the savings clause of § 2255 and thus cannot challenge his conviction through a petition under § 2241. The R&R therefore recommends the petition be denied and dismissed without prejudice.

The petitioner raised two objections to the R&R, neither of which relate directly to the magistrate judge's findings but instead to the timing of the R&R. First, Cuevas objects to the R&R being issued "prior to Cuevas having an opportunity to provide his argument in a memorandum format" and contends that it was therefore issued prematurely. [Doc. 15]. Under Local Rule of Prisoner Litigation 2, the magistrate judge was authorized to consider the record and make a report and recommendation. Nothing in those rules, nor under 28 U.S.C. § 636, requires that the magistrate judge wait for the petitioner to supplement his petition with a memorandum before making his recommendation. Accordingly, this objection is overruled.

Second, petitioner points out that, at the time of the R&R, the case **United States v. Gary**, 954 F.3d 194 (4th Cir. 2020), was still pending before the Supreme Court. Petitioner contends that this made the R&R premature as that case was to determine whether **Rehaif v. United States**, 139 S.Ct. 2191 (2019) was structural. This Court finds

3

the magistrate judge did not err in issuing his R&R–the Court was under no obligation to wait until *Gary* was resolved. Further, since the R&R was entered, the Supreme Court decided *Greer v. United States*, which reversed *Gary* and found that *Rehaif* errors are not structural:

> Gary also asserts that Rehaif errors are "structural" and require automatic vacatur in every case without regard to whether a defendant can otherwise satisfy the plain-error test. The Court disagrees. Rehaif errors fit comfortably within the "general rule" that "a constitutional error does not automatically require reversal of a conviction."

141 S. Ct. 2090, 2093 (2021) (citation omitted). Accordingly, this objection is overruled.

## IV. CONCLUSION

Upon careful review of the above, it is the opinion of this Court that the **Report and Recommendation** [**Doc. 12**] should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. Accordingly, the petitioner's objections [**Doc. 15**] are **OVERRULED**. This Court **ORDERS** that the § 2241 petition [**Doc. 1**] be **DENIED** and **DISMISSED WITHOUT PREJUDICE**. This Court further **DIRECTS** the Clerk to enter judgment in favor of the respondent and to **STRIKE** this case from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED**: July 7, 2021.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE